UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MICHAEL DANIELS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:08-CV-255 PS |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

The respondent, by counsel, has filed a motion to transfer this habeas corpus petition to the United States District Court for the Southern District of Indiana. The respondent argues that because the petitioner was convicted in a state court within the territorial jurisdiction of the Southern District and is now housed in a prison in that district, 28 U.S.C. § 2241(d) places venue solely in that court. Michael Daniels, a *pro se* prisoner, filed a response to the motion to transfer. In it he does not dispute either the location of his conviction nor the location of his current incarceration. Neither does he contest the respondent's interpretation of § 2241(d).

As the Seventh Circuit has made clear, the question before the Court is solely one of venue, not jurisdiction.

> If Congress has authorized federal courts to resolve particular claims, and if the claim presents a case or controversy within the scope of Article III, then federal courts have subject-matter jurisdiction. These conditions are satisfied here: Congress has authorized the federal judiciary to resolve Moore's claim of entitlement to immediate release, and his petition falls within Article III. Whether that litigation should take place in Illinois or Kansas is a question of venue, not of subject-matter jurisdiction.

*Moore v. Olson*, 368 F.3d 757, 760 (7th Cir. 2004).  So too here.  There is no dispute that this Court has subject-matter jurisdiction over § 2254 habeas corpus claims; only a question as to whether this case should proceed in this court or in the Southern District.

Furthermore, 28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Here, even if § 2241(d) did not compel transfer, the Southern District would be a more convenient forum for this litigation.

Because there is no dispute as to the place of conviction, the place of incarceration, the applicability of § 2241(d), or the convenience of the parties, the motion (DE 8) is **GRANTED**.  Pursuant to 28 U.S.C. § 2241(d) and 28 U.S.C. § 1404(a), this case is **TRANSFERRED** to the United States District Court for the Southern District of Indiana, Indianapolis Division.

**SO ORDERED**.

ENTERED: July 9, 2008

s/ Philip P. Simon
Philip P. Simon, Judge
United States District Court

2